1  **KRONENBERGER BURGOYNE, LLP**
2  Karl S. Kronenberger (Cal. Bar No. 226112)
   karl@kronenbergerlaw.com
3  Deepa Krishnan (Cal. Bar No. 228664)
   deepa@kronenbergerlaw.com
4  150 Post Street, Suite 520
   San Francisco, CA 94108
5  Telephone: (415) 955-1155
6  Facsimile: (415) 955-1158

7  **Attorneys for Plaintiff**
   Quick Learning, LLC
8  a Texas Limited Liability Company

FILED
2007 DEC 21  P 3: 29
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J

ADR
E-FILING

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Quick Learning, LLC, a Texas Limited Liability Company, | Case No. C07 06456 HRL |
| Plaintiffs, | COMPLAINT FOR CYBERSQUATTING *IN REM* |
| vs. | (PURSUANT TO 15 USC §1125(d)(2)(A)) |
| QUICKLEARNING.COM, an Internet domain name, | |
| Defendant. | BY FAX |
| | JURY TRIAL DEMANDED |

COMPLAINT

Plaintiff Quick Learning, LLC ("Quick Learning" or "Plaintiff") alleges as follows:

## INTRODUCTION

1. Quick Learning is the registered owner of several federal trademarks on the words "Quick Learning", in connection with, among other products and services, educational services (the "Marks"). See e.g., USPTO Reg. Nos. 2481381 and 2491822.

2. Quick Learning brings this action to obtain the transfer of the unlawfully registered domain name, QUICKLEARNING.COM (the "Domain").

3. The Domain is privately registered with the Domain Name registrar, Moniker Online Services, LLC ("Moniker"). The WHOIS record[1] for the Domain states the registrant to be "Moniker Privacy Services". According to its website, http://www.moniker.com/services/services2.jsp#privacy, Moniker Privacy Services "acts as the Registrant of record for any domains [an actual registrant] chooses WhoIs Privacy For."

4. Upon information and belief, an unidentifiable third-party has registered, transferred, and trafficked in the Domain with the bad-faith intent of profiting from the goodwill established by Quick Learning in the Marks. The Quick Learning Marks have acquired secondary meaning, substantial goodwill, and common-law trademark rights. To unlawfully capitalize on this goodwill, an unidentifiable third-party has attempted to represent itself as Quick Learning to other third parties, including but not limited to third parties with whom Quick Learning has a prospective or existing business relationship. Upon information and belief, the unidentifiable third-party registrant of the Domain is benefitting from pay-per-click advertising based on its use of Quick Learning's Marks.

## JURISDICTION AND VENUE

5. This Court has *in rem* subject matter jurisdiction over the Domain pursuant to 28 U.S.C. §1338(a) and 15 U.S.C. §1125(d)(2), as the Domain constitutes personal property located within the territorial jurisdiction of the United States and this District.

---

[1] The WHOIS record states the registrar of record of a particular domain name, and contains the contact information for the registrant of that domain name.

6.   Pursuant to 15 U.S.C. §1125(d)(2)(A)(ii)(II), Quick Learning has, through due diligence, been unable to locate the current registrant of the Domain. Quick Learning sent a notice of the alleged violation and intent to proceed under the above statute to the current registrant at the postal and e-mail addresses provided by the registrant to the registrar. Quick Learning also requested that Moniker reveal the identity of the registrant due to the registrant's violation of 15 U.S.C. § 1125(d). Moniker has ignored, or chosen not to respond, to Quick Learning's correspondence. Accordingly, Quick Learning is entitled by statute, and indeed has no other option, but to bring this *in rem* action to prevent the continued infringement on its Marks.

7.   Venue is proper in this judicial district pursuant to 15 U.S.C. §1125(d)(2)(A) because Verisign, Inc., the registry of QUICKLEARNING.COM, is located in this District.

## INTRADISTRICT ASSIGNENT

8.   For the purposes of Local Rule 3-2(c), this action arises in San Jose, where a substantial part of the events or omissions which give rise to the claims alleged herein occurred and in which a substantial part of the property that is the subject of this action is located.

## PARTIES

9.   Quick Learning is a limited liability company organized under the laws of the state of Texas. Quick Learning was founded in 1999. Its core business is to provide language training courses throughout the United States and internationally. To that end, it owns federal trademarks on the words "Quick Learning" in connection with, among other products and services, educational services.

10.   The WHOIS record of the domain name registrar for the Domain shows that the current registrant is Moniker Privacy Services, located at 20 SW 27 Ave., Suite 201, Pompano Beach, FL 33069, with a listed email address of support@moniker.com. Moniker, the registrar of the Domain, is also located at 20 SW 27 Ave., Suite 201, Pompano Beach, FL 33069, with a listed email address of support@moniker.com.

## DOMAIN NAME REGISTRAR AND REGISTRY

11. The domain name registrar for the Domain is Moniker, located at Pomplano Beach, Florida.

12. The domain name registry for the Domain is Verisign, Inc., a Delaware corporation having its principal place of business in the Northern District of California at 487 East Middlefield Road, Mountain View, California 94043.

## BRIEF FACTUAL BACKGROUND

13. In or around 1999, Quick Learning filed the Marks with the United States Patent and Trademark Office. See e.g., USPTO Reg. Nos. 2481381 and 2491822. The Marks were first used in commerce in 1999, and registered in or around 2001.

14. After its registration and continued use of the Marks, Quick Learning discovered that a third-party had registered the Domain containing the Marks.

15. The Domain hosts a website which contains pay-per-click advertisements for competitors of Quick Learning, indicating that the third-party registered the Domain in a bad faith effort to profit from the Marks.

16. On December 6, 2007, Quick learning sent a demand letter via email, facsimile, and U.S. First Class Mail to the registrant listed in the WHOIS ownership record, as stated in paragraph 10 above, and to the registrar of the Domain.

17. The letter was not returned to Quick Learning, nor did Quick Learning receive an error message about the non-deliverability of the email sent to support@moniker.com. To date, Quick Learning has received no response from Moniker or the registrant of the Domain.

//
//
//

COMPLAINT

# CLAIM FOR RELIEF

**Cybersquatting Under Section 43(d) of The Lanham Act, 15 USC §1125(d)(2)(A)**

18. Quick Learning re-alleges and incorporates herein the above paragraphs 1-17.

19. The actions as described above, including the registrant's continued use of the Domain, constitute use of Quick Learning's Marks and name in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)(2).

20. As a direct and proximate result of the actions, conduct, and practices alleged above, including the registrant's continued use of the Domain in connection with its website, and the registrant's bad faith intent, Quick Learning has been damaged and will continue to be damaged.

21. Quick Learning has no adequate remedy at law.

# PRAYER FOR RELIEF

**WHEREFORE**, Quick Learning prays this Court enter judgment in its favor on the claims set forth above, and further prays an award to Quick Learning of:

1. A preliminary and permanent injunction and judgment ordering the transfer of the registration and control of the Domain to Quick Learning; and
2. Such further relief to which Quick Learning may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

Respectfully Submitted,

DATED: December 21, 2007

KRONENBERGER BURGOYNE, LLP

By: _____
Karl S. Kronenberger
Deepa Krishnan
Attorneys for Plaintiff
Quick Learning, LLC

# DEMAND FOR JURY TRIAL

Plaintiff Quick Learning, LLC hereby demands a trial of this action by jury.

Respectfully Submitted,

DATED: December 21, 2007

> KRONENBERGER BURGOYNE, LLP
>
> By: _____
> Karl S. Kronenberger
> Deepa Krishnan
> Attorneys for Plaintiff
> Quick Learning, LLC.