**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Cal. Bar No. 226112)
Deepa Krishnan (Cal. Bar No. 228664)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kronenbergerlaw.com
deepa@kronenbergerlaw.com

**Attorneys for Plaintiff**
Quick Learning, LLC
a Texas Limited Liability Company

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Quick Learning, LLC,** a Texas Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> **QUICKLEARNING.COM, an Internet domain name**, <br><br> Defendant. | Case No. C-07-06456-HRL <br><br> **NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY COURT; DECLARATION OF DEEPA KRISHNAN IN SUPPORT THEREOF** <br><br> [[Proposed] Default Judgment Filed Concurrently Herewith] <br><br> Date:       March 25, 2008 <br> Time:       10:00 a.m. <br> Courtroom:  2, 5th Floor |

1  **PLEASE TAKE NOTICE THAT** on March 25, 2008 at 10:00 a.m., or as soon as thereafter as this matter may be heard by the above-entitled Court, located at 280 South 1st Street, San Jose, CA 95113, Plaintiff Quick Learning, LLC ("Plaintiff" or "Quick Learning") will present its Application for Default Judgment By Court (the "Application") as to the domain name QUICKLEARNING.COM (the "Domain").

Plaintiff filed its Complaint for Cybersquatting *In Rem* (the "Complaint") on December 21, 2007. (Declaration of Deepa Krishnan In Support of Application for Default Judgment By Court ("Krishnan Decl."), ¶ 3.) Plaintiff served the Complaint and Summons on the registrar of the Domain via Certified Mail, First Class Mail, Overnight Mail (Federal Express), and e-mail on December 28, 2007, pursuant to 15 U.S.C. § 1125(d)(2)(B), as evidenced by the Proof of Service filed with the Court on January 23, 2008. (*Id.*) The Clerk of this Court entered default as to QUICKLEARNING.COM on January 31, 2008. (*Id.* ¶ 5 & Exh. "A".) Plaintiff now seeks default judgment based on the following facts:

1. QUICKLEARNING.COM is not an infant or incompetent person or in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. (*Id.* ¶ 7.)

2. In its Complaint, Plaintiff alleged a cause of action for Cybersquatting Under Section 43(d) of The Lanham Act, 15 U.S.C. §1125(d)(2)(A), against the Domain. Plaintiff's Complaint requests injunctive relief against the Domain under 15 U.S.C. §1125(d)(1)(C), which allows for a court order transferring a disputed domain to the owner of the trademark contained in the disputed domain. (*Id.* ¶ 6.)

3. Plaintiff does not request an award of monetary damages or costs incurred in bringing this action. (*Id.*)

///

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1  Pursuant to 15 U.S.C. §1125(d)(1)(C), the Court should order the transfer of the
2  domain name QUICKLEARNING.COM to Plaintiff, the rightful owner of the
3  QUICKLEARNING trademark and QUICKLEARNING.COM domain name.

4  This Application is based on this Notice, the attached declaration of Deepa
5  Krishnan, and the pleadings, files and other matters that may be presented at the
6  hearing.

8  Respectfully Submitted,

9  DATED: February 12, 2008                    KRONENBERGER BURGOYNE, LLP

11                                              _____/s/_____
                                                Deepa Krishnan
12                                              Attorneys for Plaintiff
                                                Quick Learning, LLC.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

## DECLARATION OF DEEPA KRISHNAN

I, Deepa Krishnan, declare as follows:

1. I am an attorney with Kronenberger Burgoyne, LLP, counsel to Plaintiff Quick Learning, LLC ("Quick Learning") in this action. Except as otherwise stated, I have personal knowledge of the facts stated herein and could and would competently testify thereto.

2. Prior to filing the Complaint in this action, I and my colleagues reviewed the available WHOIS records for the Defendant domain QUICKLEARNING.COM ("Defendant"). The records revealed that QUICKLEARNING.COM is privately registered with the domain name registrar, Moniker Online Services, LLC ("Moniker"). Thus, the WHOIS records for the Defendant domain state the registrant to be "Moniker Privacy Services" ("Moniker Privacy").

3. Accordingly, on December 6, 2007, our office sent a notice to Moniker Privacy, pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II). We sent the same notice to the domain name registrar, Moniker. The statute pursuant to which we sent the notice says, in pertinent part:

> The owner of a mark may file an *in rem* civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if the court finds that the owner through due diligence was not able to find a person who would have been a defendant…by sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and publishing notice of the action as the court may direct promptly after filing the action.

In our notice sent pursuant to the above, we additionally asked Moniker and Moniker Privacy (collectively, the "Moniker Entities") to reveal the name of any other registrant, but to date, the Moniker Entities have failed to do so. On December 21, 2007, Quick Learning filed its *in rem* Complaint against Defendant. On December 28, 2007, Quick

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

Learning served the Complaint and Summons on the registrant of record, Moniker Privacy, via Certified Mail, First Class Mail, Federal Express, and e-mail, at the contact information provided publicly by the Defendant domain's registrar, pursuant to the service requirement under 15 U.S.C. § 1125(d)(2)(A).

4.      A true and correct copy of the Proof of Service, describing the above, was filed with the Court on January 23, 2008 as Document 3 on the online Pacer docket. No party answered, made an appearance, or filed any other responsive pleading in the Action.

5.      A Clerk's default was entered on January 31, 2008. A true and correct copy of the Entry of Default is attached hereto as Exhibit "A".

6.      This action involves a claim for injunctive relief by Plaintiffs against the defendant domain name QUICKLEARNING.COM under 15 U.S.C. §1125(d)(1)(C), which allows for a court order transferring a disputed domain name to the owner of the trademark contained in the disputed domain. Plaintiff does not request an award of monetary damages or costs incurred in bringing this action.

7.      Neither QUICKLEARNING.COM nor, upon information and belief, the registrant of the Domain, is an infant, incompetent person, or a person in military service or otherwise exempted from default judgment under Soldiers' and Sailors' Civil Relief Act of 1940.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on February 12, 2008, in San Francisco, California.

                                                  /s/
                                        _____
                                              Deepa Krishnan

# Exhibit A

**UNITED STATES DISTRICT COURT**
**Northern District of California**
**280 South First Street**
**San Jose, California 95113**
_____

www.cand.uscourts.gov

Richard W. Wieking                                                                                  General Court Number
Clerk                                                                                                              408.535.5364

January 31, 2008

RE:  CV 07-06456 HRL        QUICK LEARNING, LLC.-v- QUICKLEARNING.COM

Default is entered as to Defendant Qucklearning.Com on January 31, 2008.

　　　　　　　　　　　　　　　　　　　　RICHARD W. WIEKING, Clerk

　　　　　　　　　　　　　　　　　　　　by Betty Walton
　　　　　　　　　　　　　　　　　　　　Case Systems Administrator

NDC TR-4  Rev. 3/89