**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Cal. Bar No. 226112)
Deepa Krishnan (Cal. Bar No. 228664)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile:   (415) 955-1158
karl@kronenbergerlaw.com
deepa@kronenbergerlaw.com

**Attorneys for Plaintiff**
Quick Learning, LLC
a Texas Limited Liability Company

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**Quick Learning, LLC,** a Texas Limited
Liability Company,

      Plaintiff,

    vs.

**QUICKLEARNING.COM,** an Internet
domain name,

      Defendant.

Case No. C-07-06456-MHP

**PLAINTIFF'S CASE MANAGEMENT
STATEMENT**

Date:      April 14, 2008
Time:     4:00 p.m.
Courtroom:  15, 18th Floor

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1    Pursuant to the Federal Rule of Civil Procedure ("Rule") 26(f), and Local Rule for

2   the Northern District of California ("Local Rule") 16-9, Plaintiff Quick Learning, LLC

3   ("Quick Learning" or "Plaintiff") submits the following Case Management Statement (the

4   "Statement"), and requests the Court to adopt it as the Case Management Order in this

5   case, pursuant to Rule 16 and Local Rule 16-10(b).

6    Because the registrant of the defendant domain name QUICKLEARNING.COM

7   (the "Domain") has failed to make an appearance in this action, it is unknown whether

8   Defendant—if any—is represented by counsel; therefore, Quick Learning submits a

9   separate case management statement pursuant to Local Rule 16-9(a).

10  **I.    JURISDICTION AND SERVICE**

11   This Court has original subject matter jurisdiction over Quick Learning's claims

12  under 28 U.S.C. §1331 (federal question jurisdiction), as Quick Learning's claims arise

13  under section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

14   Pursuant to 15 U.S.C. §1125(d)(2)(A)(ii)(II), Quick Learning has, through due

15  diligence, been unable to locate the current registrant of the Domain, because the listed

16  registrant is Moniker Privacy Services.  Quick Learning sent a notice of the alleged

17  violation and intent to proceed under the above statute to the current registrant at the

18  postal and e-mail addresses provided by the registrant to the registrar.  Quick Learning

19  also requested that Moniker Online Services, LLC ("Moniker"), the Domain's registrar,

20  reveal the identity of the registrant due to the registrant's violation of 15 U.S.C. § 1125(d).

21  Moniker has ignored, or chosen not to respond, to Quick Learning's correspondence.

22  Accordingly, Quick Learning is entitled by statute, and indeed has no other option, but to

23  bring an *in rem* action to prevent the continued infringement on its trademarks.

24  **II.    FACTS**

25   1.    Quick Learning is a limited liability company organized under the laws of

26  the state of Texas.  Quick Learning was founded in 1999.  Its core business is to provide

27  language training courses throughout the United States and internationally.  To that end,

28  it owns federal trademarks on the words "Quick Learning" in connection with, among

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1  other products and services, educational services (the "Marks").  Quick Learning filed its

2  Marks with the United States Patent and Trademark Office in or around 1999.  The Marks

3  were first used in commerce in 1999, and registered in or around 2001.

4      2.    After its registration and continued use of the Marks, Quick Learning

5  discovered that a third-party had registered the Domain, which contains the Marks.

6      3.    The Domain hosts a website which contains pay-per-click advertisements

7  for competitors of Quick Learning, indicating that the third-party registered the Domain in

8  a bad faith effort to profit from the Marks.

9      4.    The Domain is privately registered with the Domain Name registrar,

10  Moniker.  The WHOIS record for the Domain states the registrant to be "Moniker Privacy

11  Services".          According          to          its          website,

12  http://www.moniker.com/services/services2.jsp#privacy, Moniker Privacy Services "acts

13  as the Registrant of record for any domains [an actual registrant] chooses WhoIs Privacy

14  For."

15      5.    On December 6, 2007, pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II), Quick

16  learning sent a demand letter via email, facsimile, and U.S. First Class Mail to the

17  registrant listed in the WHOIS ownership record, Moniker Privacy, and to the registrar of

18  the Domain, Moniker.

19      6.    In the notice sent pursuant to the above, Quick Learning's counsel

20  additionally asked Moniker and Moniker Privacy Services (collectively, the "Moniker

21  Entities") to reveal the name of any other registrant, but to date, the Moniker Entities

22  have failed to do so.

23      7.    On December 21, 2007, Quick Learning filed its *in rem* Complaint.

24      8.    On December 28, 2007, Quick Learning served the Complaint and

25  Summons on the registrant of record, Moniker Privacy Services, via Certified Mail, First

26  Class Mail, Federal Express, and e-mail, at the contact information provided publicly by

27  the Domain's registrar, pursuant to the service requirement under 15 U.S.C. §

28  1125(d)(2)(A).

9.    No party has answered, made an appearance, or filed any other responsive pleading in the Action.

10.    On January 29, 2008, Quick Learning filed a Request to Clerk to Enter Default, and a Clerk's default was entered on January 31, 2008.

11.    On February 12, 2008, Quick Learning filed an Application for Default Judgment.

## III.    LEGAL ISSUES

1.    Whether the Domain's registrant's actions constitute cybersquatting under Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d)(2).

2.    Whether Quick Learning is entitled to default judgment.

## IV.    MOTIONS

On February 12, 2008, Quick Learning filed an Application for Default Judgment (the "Application") because no party, including the registrant of the Domain, had filed an answer, made an appearance, or filed any other responsive pleading in this action as of that date.  No ruling has been issued, and the Application is currently pending.

## V.    AMENDMENT OF PLEADINGS

Quick Learning does not anticipate adding or dismissing claims, or amending the pleadings.

## VI.    EVIDENCE PRESERVATION

Quick Learning is preserving any and all evidence that could reasonably be relevant to this Action.  Quick Learning's attorneys of record and their staff are taking similar action with respect to evidence coming to their attention.

On January 3, 2008, Quick Learning sent a letter to the Moniker Entities, as the listed registrant, reminding it of its obligation to preserve all evidence, including electronically-stored evidence, relevant to this litigation.

## VII.    INITIAL DISCLOSURES

The parties have not exchanged initial disclosures because the Domain's registrant has not made an appearance in this Action.  Quick Learning is prepared to

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1   serve all parties with their initial disclosures.

2   **VIII.    DISCOVERY**

3          **A.  Discovery Taken to Date**

4          To date, no party has served any discovery.

5          **B.  Changes or Limitations on Discovery**

6          Quick Learning does not suggest that any changes be made in the timing, form, or

7   requirement for disclosures under Rule 26(a)(1).

8          Quick Learning does not presently propose that any changes be made from the

9   discovery rules in the Federal Rules of Civil Procedure or the Local Rules of the Northern

10  District of California.

11         **C.  Subjects of Discovery**

12         Quick Learning will seek discovery on, among other matters, the following

13  subjects:  Use of the Domain and the Mark, profits from the use of the Domain and the

14  Mark, and websites owned by or affiliated by parties who have used the Domain and the

15  Mark.

16         **D.  Electronic Discovery**

17         Quick Learning anticipates electronic discovery to be an important and

18  irreplaceable source of discovery in this matter.  Quick Learning believes any and all

19  discoverable electronic evidence must be produced in its native format along with any

20  software and/or passwords required to access the information.  Quick Learning has

21  informed the Moniker Entities of same and has circulated a notice detailing preservation

22  obligations and potential categories of discoverable electronic information.

23  **IX.    RELATED CASES**

24         Quick Learning knows of no cases related to this action.

25  **X.    RELIEF SOUGHT**

26         Quick Learning seeks a preliminary and permanent injunction and judgment

27  ordering the transfer of the registration and control of the Domain to Quick Learning.

28  ///

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**XI.    SETTLEMENT AND ADR**

There have been no ADR efforts to date, but Quick Learning is willing to participate in Early Neutral Evaluation if this case is not resolved by entry of default judgment.  Quick Learning's counsel intends to file either (1) a Stipulation and [Proposed] Order Selecting ADR Process, or (2) a Notice of Need for ADR Phone Conference as soon as possible.

It is unclear at this time what key discovery or motions are necessary to position the parties to negotiate a resolution.

**XII.    MAGISTRATE JUDGE**

Quick Learning filed its Consent to Proceed Before a U.S. Magistrate Judge on February 11, 2008, and the case was assigned to Magistrate Judge Howard R. Lloyd. On March 3, 2008, this Action was reassigned to Judge Marilyn Hall Patel for all further proceedings.

**XIII.    OTHER REFERENCES**

Quick Learning does not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XIV.    NARROWING OF ISSUES**

Quick Learning does not believe the parties are presently in a position to address whether it is feasible or desirable to: (a) narrow the issues in the case by agreement or motion, (b) bifurcate the issues, claims, or defenses at trial, or (c) reduce the length of trial by stipulation, use of summaries, or other expedited means of presenting issues.

**XV.    EXPEDITED SCHEDULE**

Quick Learning does not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

**XVI.    SCHEDULING**

Quick Learning believes the currently scheduled Case Management Conference on April 14, 2008 is critical for moving the processing and scheduling of the case forward. Quick Learning proposes the following dates and deadlines:

| Discovery Cut-Off | November 4, 2008 |
|---|---|
| Designation of Experts | December 4, 2008 |
| Hearing on Dispositive Motions | February 16, 2009 |
| Pretrial Conference | February 24, 2009 |
| Trial | March 16, 2009 |

**XVII.  TRIAL**

Quick Learning has requested a jury trial in this action.  Quick Learning estimates trial will require approximately three to five days.

**XVIII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Quick Learning has filed the Certification of Interested Entities or Persons required by Local Rule 3-16.  Counsel of record for Plaintiffs certify that no persons or entities other than that of the named parties to the action have either: (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

DATED:  April 4, 2008                          KRONENBERGER BURGOYNE, LLP


                                                        /s/
                                               Karl S. Kronenberger
                                               Attorneys for Plaintiff
                                               Quick Learning, LLC

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1

**CASE MANAGEMENT ORDER**

2      Plaintiffs' Case Management Statement and Proposed Case Management Order

3   is hereby adopted by the Court as the Case Management Order for the case and the

4   parties are ordered to comply with this Order.

5      **IT IS SO ORDERED.**

6

7   Dated:_____       _____

8                                               Hon. Marilyn Hall Patel
                                                United States District Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

C-07-06456-MHP

**CASE MANAGEMENT STATEMENT**