UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUICK LEARNING, LLC,

    Plaintiff,

  v.

QUICKLEARNING.COM,

    Defendant.

No. C 07-06456 MHP

**ORDER**

**Re: Motion for Default Judgment**

    Plaintiff Quick Learning, LLC, a Texas Limited Liability Company, seeks a default judgment against defendant quicklearning.com. On December 21, 2007 plaintiff filed a cybersquatting action against defendant alleging violations of the Lanham Act, 15 U.S.C. section 1125(d)(2)(A).[1]

    15 U.S.C. section 1125(d)(2)(A)(ii)(II)(aa) requires that a potential plaintiff send a notice of the alleged violation and intent to proceed under the statute to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar. Plaintiff avers, via declaration, that its search revealed that quicklearning.com is privately registered with the domain name registrar Moniker Online Services, LLC. Krishnan Dec., ¶ 2. The registrant was Moniker Privacy Services. On December 6, 2007 plaintiff sent a notice to Moniker Privacy Services and Moniker Online Services, LLC to determine the person who would be the defendant in the civil action. Id., ¶ 3, Exh. A. This effort was unsuccessful and plaintiff sued the domain name two weeks later. Id., ¶¶ 3–4.

    After filing suit, plaintiff served the summons on the registrar of the domain—Moniker Privacy Services.[2] Id., ¶ 4. Based upon defendant's failure to answer and 15 U.S.C. section 1125(d)(1)(C),[3] plaintiff now seeks the transfer of the domain name from defendant to plaintiff.

There are two problems with plaintiff's requested relief.

First, plaintiff has not demonstrated that this court has jurisdiction over the defendant in this *in rem* action. The cybersquatting statute above only creates jurisdiction if the domain name registrar is located in the judicial district where the action is filed. See 15 U.S.C. § 1125(d)(2)(A). Plaintiff must demonstrate to the court, via declarations and argument, that this court has jurisdiction to enter the judgment sought.[4] Specifically, the court seeks a declaration and documentation regarding the judicial district within which the registrar of quicklearning.com is located.[5]

Second, it is unclear whether plaintiff owns the trademark. Plaintiff must demonstrate to the court, via declarations and documentary evidence, that it has the requisite ownership rights with respect to the trademark in question. Specifically, plaintiff must submit the certificate of registration and other admissible documents that demonstrate its ownership of the mark.

Plaintiff is ordered to rectify these issues above within thirty (30) days of the date of this order.

IT IS SO ORDERED.

Dated: April 30, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**ENDNOTES**

1. The statute reads:
   The owner of a mark may file an in rem civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if
       (i) the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office, or protected under subsection (a) or (c) of this section; and
       (ii) the court finds that the owner--
           (I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1); or
           (II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) by–
               (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
               (bb) publishing notice of the action as the court may direct promptly after filing the action.

2. Plaintiff also served Moniker Online Services, LLC for good measure.

3. The statute reads: "In any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark."

4. Plaintiff's proposed order of judgment must also be corrected, since this court may only exercise jurisdiction over registrars located in the Northern District of California.

5. Based on the court's cursory research, the domain name registrar seems to be located in Florida.