**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Cal. Bar No. 226112)
Deepa Krishnan (Cal. Bar No. 228664)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@kronenbergerlaw.com
deepa@kronenbergerlaw.com

**Attorneys for Plaintiff**
Quick Learning, LLC
a Texas Limited Liability Company

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Quick Learning, LLC,** a Texas Limited Liability Company,<br><br>          Plaintiff,<br><br>vs.<br><br>**QUICKLEARNING.COM, an Internet domain name**,<br><br>          Defendant. | Case No. C-07-06456-MHP<br><br>**SUPPLEMENTAL BRIEFING IN RESPONSE TO COURT'S ORDER OF APRIL 30, 2008 REGARDING APPLICATION FOR DEFAULT JUDGMENT** |

Plaintiff, Quick Learning, LLC (hereinafter, "Plaintiff" or "Quick Learning"), through its undersigned counsel, files the following supplemental brief in response to the Court's order of April 30, 2008 regarding Plaintiff's application for default judgment, and states:

On April 30, 2008, the Court issued an order requesting clarification on two issues related to Plaintiff's motion for default judgment. Specifically, the Court requested additional evidence regarding Plaintiff's ownership of its "Quick Learning" trademarks, in addition to requesting additional evidence relating to the Court's jurisdiction over the <QuickLearning.com> domain name (hereinafter, "Domain Name").

### A. Proof of Ownership of "Quick Learning" Trademark

Plaintiff has filed applications with the U.S. Patent & Trademark Office (USPTO) for two trademarks that contain the words, "Quick Learning," and both such applications have registered. The registrations (USPTO Reg. Nos. 2481381 and 2491822) are reflected in certificates provided by the USPTO, as well as print-outs from the online USPTO database. The trademarks were initially registered in the name of the Quick Learning founder, and thereafter were assigned to Quick Learning, LLC. (Declaration of Karl S. Kronenberger in Support of Supplemental Briefing in Response to Court's Order of April 30, 2008 Regarding Application for Default Judgment ("Kronenberger Decl.") ¶2 & Exs. A-B.)

A plaintiff may proceed with an *in rem* action using either registered or unregistered trademarks. *See* 15 U.S.C. §1125(d)(2)(A); 4 McCarthy on Trademarks and Unfair Competition §25:78 (4th ed.). In this case, in addition to Plaintiff's registrations for its trademarks, Plaintiff's trademarks have achieved secondary meaning in the marketplace and are thus protectable as common law trademarks under 15 U.S.C. §1125(d)(2)(A). The owners of the Quick Learning business founded their company in 1984 in Mexico, and, upon expanding business operations to the United States, founded Quick Learning in the United States in 1999 as a limited liability company organized under the laws of the State of Texas. Quick Learning is a global innovator in language training and provides language training courses throughout the United States and

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

C-07-06456-MHP

1

SUPL. BRIEFING IN RESPONSE TO COURT'S ORDER OF APRIL 30, 2008 RE. APPLICATION FOR DEFAULT JUDGMENT

1  internationally. Quick Learning offers its language immersion classes at over 48
2  locations in the United States and internationally. Quick Learning has training facilities in
3  Dallas, Irving, Avington and Houston, Texas, in Phoenix, Arizona and in Las Vegas
4  Nevada, and it will be opening a training facility in Los Angeles, California in August
5  2008. Quick Learning also has training facilities in all major cities in Mexico. Each month
6  over 20,000 students use Quick Learning's innovative language training methods.
7  (Declaration of Servio Zuniga in Support of Supplemental Briefing in Response to Court's
8  Order of April 30, 2008 Regarding Application for Default Judgment ("Ziniga Decl.") ¶2.)

9  Quick Learning has provided its services under the trademark, "Quick Learning,"
10 since its inception in the United States in 1999, in the form of signage at its eight (8)
11 locations in the U.S. (40+ of its locations are in Mexico), use in magazine and newspaper
12 marketing in the United States, use in radio advertising in the United States, and many
13 other uses in the ordinary course of business in the United States. Such use in the
14 United States has been continuous and exclusive since 1999. Since its inception, Quick
15 Learning has spent millions in marketing in the United States under its trademark and
16 has generated millions in revenues in the United States. Over the past two (2) years
17 alone, Quick Learning has spent over $700,000 per year in marketing in the United
18 States under its trademark and has generated over $4.5 million per year in revenue in
19 the United States under its trademark. "Quick Learning" is a widely recognized
20 trademark and is associated with high quality language immersion training in the United
21 States. (Ziniga Decl. ¶3.)

22 To further protect its trademarks, Quick Learning filed applications for federal
23 trademarks on the words "Quick Learning" in connection with, among other products and
24 services, educational services, and such trademarks achieved registrations (USPTO
25 Reg. Nos. 2481381 and 2491822). (Kronenberger Decl. ¶2 & Exs. A-B.) As a result of
26 Plaintiff's federal trademark registrations and Plaintiff's common law rights in its
27 trademarks, Plaintiff has the requisite trademark rights in the phrase, "Quick Learning,"
28 for the purposes of an *in rem* action against the Domain Name under 15 U.S.C.

§1125(d)(2)(A).

**B. The Court's Jurisdiction over the Domain Name <QuickLearning.com>**

The Court has asked Quick Learning to verify whether the appropriate domain name authority is located in the District such that *in rem* jurisdiction exists for the Domain Name. Under 15 U.S.C. §1125(d)(2) there are potentially three districts in which *in rem* jurisdiction may exist for a domain name. First, the judicial district in which the "**domain registrar**" resides. 15 U.S.C. §1125(d)(2)(A). Second, the judicial district in which the "**domain registry**" resides. 15 U.S.C. §1125(d)(2)(A)[1]. And third, the judicial district in which "documents sufficient to establish control and authority regarding the disposition of the registration and use of the domain name are deposited with the court." 15 U.S.C. §1125(d)(2)(C)(ii).[2] Plaintiff need only meet <u>one</u> of these criteria, and the evidence herein submitted supports jurisdiction under the second criterion, above, because the domain registry for the Domain Name resides in this District.

The official domain name registry for ".com" domains is VeriSign, Inc. ("hereinafter, "VeriSign"), which is reflected in the ".Com Registry Agreement" between the Internet Corporation for Assigned Names and Numbers (hereinafter, "ICANN") and VeriSign. (Kronenberger Decl. ¶3 & Ex. C.) The VeriSign registry contains the definitive directory that associates registered domain ".com" and ".net" domain names with the

---

[1] The applicable section of 15 U.S.C. §1125(d)(2)(A) reads: The owner of a mark may file an in rem civil action against a domain name in the judicial district in which the **domain name registrar, domain name registry, *or* other domain name authority** that registered or assigned the domain name is located if…[emphasis added]

[2] The applicable section of 15 U.S.C. §1125(d)(2)(C) reads: In an in rem action under this paragraph, a domain name shall be deemed to have its situs in the judicial district in which—

(i) the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located; or

(ii) **documents sufficient to establish control and authority regarding the disposition of the registration and use of the domain name are deposited with the court.** [emphasis added]

Plaintiff interprets this bolded section to mean a judicial district where a so-called registrar's certificate has been deposited with the court, which is not present in the case at hand.

1  corresponding IP numbers of their respective domain name servers.  VeriSign derives its
2  authority as the official ".com" and ".net" registry from a contract with the nonprofit
3  ICANN, which overseas Internet operations on behalf of the United States Government.
4  As the official registry, VeriSign has ultimate authority and control over the ownership and
5  registration of ".com" and ".net" domain names. (Kronenberger Decl. ¶3.)  Furthermore,
6  due to the registry's ultimate authority and control over domain names for cases such as
7  the present case, where the domain name owner cannot be located or identified, the
8  judicial district where the registry resides is indeed an appropriate district for *in rem*
9  actions, while still "protecting the notions of fair play and substantial justice."  S. Rep. No.
10 106-140 (1999).

11 The registry for the Domain Name, VeriSign, is clearly located in the District, as
12 evidenced by data on the California Secretary of State's website and from VeriSign's own
13 website, both of which reflect that Verisign is located in Mountain View, California.
14 (Kronenberger Decl. ¶4 & Exs. D-E.)

15 Because 15 U.S.C. §1125(d)(2)(A) expressly permits a plaintiff to bring an *in rem*
16 action in the location of the "domain name registry," and because the domain name
17 registry, VeriSign, is located in this District, Quick Learning respectfully submits that the
18 Court has *in rem* jurisdiction over the Domain Name in this case.

19 Thus, pursuant to 15 U.S.C. §1125(d)(1)(C), the Court should order the transfer of
20 the Domain Name to Plaintiff, the rightful owner of the "Quick Learning" trademark and
21 <QuickLearning.com> domain name.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1   This supplemental briefing is based on the contents herein, the attached
2   declaration of Sergio Zuniga, the attached declaration of Karl S. Kronenberger, and the
3   pleadings, files and other matters that may be presented at the hearing.

Respectfully Submitted,

DATED: May 30, 2008                         KRONENBERGER BURGOYNE, LLP

                                            _____/s/_____
                                            Karl S. Kronenberger
                                            Deepa Krishnan
                                            Attorneys for Plaintiff
                                            Quick Learning, LLC.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

C-07-06456-MHP                  5         SUPL. BRIEFING IN RESPONSE TO COURT'S ORDER OF
                                          APRIL 30, 2008 RE. APPLICATION FOR DEFAULT JUDGMENT